# Eagle Coal Co. *v.* Gravlee, *et al.*

### Bill to Enforce a Lien.

#### (Decided June 1, 1916. 72 South. 30.)

1. **Landlord and Tenant; Rent; Lien; Pleading.**—A bill to enforce a lessor's lien for unpaid rent need not state the date upon which the lease was forfeited, where the time of the breach is otherwise made sufficiently definite.

2. **Equity; Cross Bill; Demurrer.**—The sustaining of demurrers to portions of an answer and cross bill setting up waiver by the lessors of their right to cancel lease for non-payment of rent will not bring about a reversal where this defense was a contested issue on which evidence was taken.

3. **Landlord and Tenant; Lien; Estoppel to Assert.**—When rightfully exercised a re-entry by the lessors does not estop them from filing a bill in equity to enforce their lien for unpaid rents on the improvements placed by the lessee on the leased property.

4. **Same; Judgment.**—In enforcing the lessor's lien on improvements on leased property the chancery court may order the improvements sold in bulk, although their value greatly exceeds the amount due; it not appearing that prejudice would result to the lessee, and such improvements being much more valuable in connection with the land.

APPEAL from Walker Circuit Court.

Heard before Hon. J. J. CURTIS.

Bill by G. W. Gravlee and others against the Eagle Coal Company, to enforce a lien for unpaid rent, after the annulment and cancellation of the lease. Decree for complainants and respondent appeals. Affirmed.

F. A. GAMBLE and J. B. POWELL, for appellant. RAY & COONER, for appellees.

MAYFIELD, J.—This is a suit by lessors to enforce a lien against lessees, after lease canceled and annulled for failure to pay rents in accordance with the written provisions thereof. The subject-matter of the lease was coal lands. The lessees were to open up coal mines on the lands, and to pay 7 cents per ton royalty or rent on all the coal mined from the lands, which was to be paid monthly. There was fixed a time limit after which a minimum royalty of $150 per month was to be paid in any event, even though no coal at all was mined. There was also a

provision in the lease that a failure to pay the rent for three consecutive months should give the lessors the right to cancel the lease and take possession of the lands, and give them a lien upon the improvements placed on the lands by which to make good the rent or royalties in arrears. There was an alleged breach of these provisions, and the lessors took possession and filed this bill to enforce the lien given by virtue of the lease.

There was demurrer to the bill, which, being overruled, the lessees answered, making their answer a cross-bill, and sought to recover damages. or to be compensated for alleged injuries to and destruction of the improvements placed on the property by the lessees. Demurrers being overruled to the cross-bill, the complainants answered it, and much evidence was taken by both parties. On final hearing the court granted the relief prayed in the original bill and denied any relief to the respondents under the cross-bill, unless the amount of rent due was diminished or offset by some of the matters set up in the answer.

(1) It is first insisted that the trial court erred in overruling demurrers to the original bill. The bill was not subject to any of the demurrers interposed. It was not necessary to allege the exact date at which the lease was forfeited. The mere fact that the date of the month was not given was, under the terms of the lease and other allegations of the bill, immaterial. No injury was done respondents by reason of this date being omitted. The time of the breach was otherwise made sufficiently definite. The allegations were sufficient to show a forfeiture, and that possession was not taken by the lessors until after the lease was forfeited.

(2) The answer and cross-bill also set up, as a defense to the bill, a waiver of the provisions of the lease authorizing a forfeiture for non-payment of installments of rents. This was made an issuable fact by the pleadings, and much evidence was taken to that end; consequently there could be no prejudicial error in sustaining demurrers to certain parts of the cross-bill or answer.

(3) The lease gave the lessors the right to take possession of the lands, and the property or improvements placed thereupon were in their nature for the most part fixtures, and the lessors were given a lien upon them for the rents due and unpaid at the time of the forfeiture. Therefore, if the forfeiture was rightfully declared on this ground, the lessors had the right to hold

[Eagle Coal Co. v. Gravlee, et al.]

possession for the purpose of enforcing their liens. This was according to the terms of the lease. The possession of the lessors, according to the allegations of the bill and to the lessors' evidence, was therefore rightful and not wrongful, and hence did not prevent or estop them from maintaining this bill. The evidence, however, was in dispute on these questions; but the chancellor found the issues in favor of the complainants, and we are not prepared to say that he was in error.

(4) There was no reversible error in the chancellor's ordering all the property or improvements placed on the premises to be sold in bulk, even though the value thereof greatly exceeded the amount of the rent due, as ascertained by the decree. They were improvements placed on the lands rented, and were much more valuable, to remain there for their purposes, than they would have been if severed and removed from the lands. It does not appear that there was any article, not a fixture, that would be of sufficient value to pay the decree and costs; and even had there been such, the property constituting fixtures, such as houses, etc., which the lessees had no right to remove after the lease was canceled, would have to be sold in order for the lessees to obtain any benefit therefrom. We are not prepared to say that any injury was done appellants in selling the property in bulk rather than in parcels or part enough to pay the decree and costs. It is true that, as a rule, property ought not to be sold at execution or judicial sale, in bulk, if the value is liable to be thereby sacrificed, and only enough should be sold to satisfy the execution judgment or decree under which it is sold; yet in a case like this it is often better, if not necessary, to sell all in bulk, rather than in parcels. It is certain that it is not made to appear that the action of the trial judge in the present case was error, or was even of injury to the appellants.

Moreover, this is a judicial sale ordered, and the chancellor can disaffirm, if it appears that the property is thereby sacrificed, and order another sale, if sufficient reason be shown therefor, before the sale is confirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.